UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

CARLOS M. COLÓN-ORTIZ,

    Plaintiff,

    v.

ADMINISTRACIÓN DE CORRECCIÓN, et al.,

    Defendants.

Civil No. 07-1450 (JAF)

**O R D E R**

Plaintiff Carlos M. Colón-Ortiz brings this action against Defendants the Administración de Corrección ("AOC"), Miguel Pereira, and Aníbal Acevedo-Vilá under 42 U.S.C. § 1983 alleging that Defendants failed to provide him with appropriate medical attention after he was injured while in custody of the AOC. Docket No. 1. Defendants move to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1] Docket No. 15. The motion is unopposed.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.

---

[1] Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Docket No. 15. However, because the exhaustion requirement of the PLRA is not jurisdictional, see Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002), Rule 12(b)(6) provides the appropriate standard for resolving the exhaustion issue.

Civil No. 07-1450 (JAF)                                              -2-

§ 1997e(a). Although not jurisdictional, the PLRA's exhaustion requirement is mandatory. Casanova, 289 F.3d at 147.

The Code of Federal Regulations requires a prisoner to submit complaints and receive denials at four levels before filing a lawsuit. 28 C.F.R. §§ 542.13 to 542.15. A potential plaintiff must (1) lodge an informal complaint; (2) submit a formal written request to the prison warden; (3) appeal to the regional director; then (4) appeal to the Office of General Counsel. Id.

Plaintiff states that he never received an answer to his formal written request. Docket No. 1. Defendants assert, but provide no evidence to prove, that Plaintiff received an answer after the filing of the present action, and failed to file the required appeal. Docket No. 15. In order to develop the factual record with regard to administrative exhaustion, we give Plaintiff the opportunity to respond to Defendants' assertion that he failed to follow the requisite steps in exhausting his administrative remedies. See Andrade v. Maloney, 2006 WL 2381429, at *2-*3 (D. Mass. Aug. 16, 2006).

In accordance with the foregoing, we hereby **ORDER** Plaintiff to show cause, **on or before February 12, 2009,** as to why we should not dismiss his complaint without prejudice for failure to exhaust administrative remedies. Plaintiff must submit documents showing that he followed the four steps outlined in 28 C.F.R. §§ 542.13 to 542.15, *i.e.*, that he lodged an informal complaint, submitted a

formal written request to the warden, appealed to the regional director, and then appealed to the Office of General Counsel.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 26th day of January, 2009.

                                              s/José Antonio Fusté
                                              JOSE ANTONIO FUSTE
                                              Chief U.S. District Judge