|                                    |                          |
| ---------------------------------- | ------------------------ |
| UNITED STATES DISTRICT COURT       |                          |
| DISTRICT OF PUERTO RICO            |                          |

CARLOS M. COLÓN-ORTIZ,

    Plaintiff,

    v.

ADMINISTRACIÓN DE CORRECCIÓN, et al.,

    Defendants.

Civil No. 07-1450 (JAF)

# **O R D E R**

On May 25, 2007, Plaintiff Carlos M. Colón-Ortiz, an inmate in the custody of the Commonwealth of Puerto Rico, brought this action under 42 U.S.C. § 1983 against Defendants the Administración de Corrección ("AOC"), Miguel Pereira, and Aníbal Acevedo-Vilá. Docket No. 1. He alleged that Defendants failed to provide him with appropriate medical attention after he was injured while in the custody of the AOC. Id. On April 25, 2008, Defendants moved to dismiss for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[1] Docket No. 15. The motion is unopposed. On January 16, 2009, we issued an order to show cause as to why we should not dismiss for

---

[1] Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). Docket No. 15. However, because the exhaustion requirement of the PLRA is not jurisdictional, see Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002), Rule 12(b)(6) provides the appropriate standard for resolving the exhaustion issue.

Civil No. 07-1450 (JAF)                                                    -2-

failure to exhaust administrative remedies. Docket No. 26. Plaintiff has not responded.

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although not jurisdictional, the PLRA's exhaustion requirement is mandatory. Casanova v. Dubois, 289 F.3d 142, 147 (1st Cir. 2002).

Because Plaintiff has failed to respond to our order to show cause, we now dismiss the complaint for failure to exhaust administrative remedies.

In accordance with the foregoing, we hereby **GRANT** Defendants' motion to dismiss, Docket No. 15.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 24th day of March, 2009.

                                        s/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge